# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SPELLS,<br><br>　　　　　　Petitioner,<br>vs.<br><br>JEFFREY A. BEARD<br><br>　　　　　　Respondent. | CASE NO. 12-CV-2208-H-JMA<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

On September 10, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner claims that the trial court improperly denied his motion under Batson v. Kentucky, 476 U.S. 79 (1986) and People v. Wheeler, 22 Cal. 3d 258 (1978) and that the trial court abused its discretion by denying his motion to dismiss strike prior convictions in violation of the Fourteenth Amendment. (Doc. No. 1 at 25-32.) On May 22, 2013, Respondent filed an answer to the petition. (Doc. No. 14.) On July 3, 2014, the magistrate judge issued a report and recommendation to deny the petition. (Doc. No. 18.) On July 16, 2014, Petitioner filed a traverse. (Doc. No. 17.) The Court adopts the magistrate judge's report and recommendation and denies the petition for writ of habeas corpus.

///

**Background**

**I.      Procedural History**

On April 6, 2010, a jury convicted Christopher Spells ("Petitioner") of unlawfully causing fire of an inhabited structure. (Lodg. No. 2, Rep's Tr. vol. 4 at 15.) On June 9, 2010, the state trial court sentenced Petitioner to twenty-five years to life plus a one-year enhancement. (Lodg. No. 2, Rep's Tr. vol. 5 at 10.) On December 1, 2010, Petitioner appealed to the California Court of Appeal. (Lodg. No. 4.) On August 3, 2011, the California Court of Appeal affirmed the judgment. (Lodg. No. 6.) On September 8, 2011, Petitioner filed a petition for review in the California Supreme Court. (Lodg. No. 7.) On October 14, 2011, the court denied the petition without comment. (Lodg. No. 8.)

On August 21, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, setting forth four claims. (Doc. No. 1.) On September 19, 2012, the Court notified Petitioner that he failed to allege exhaustion of state court remedies with respect to his third and fourth claims and gave him options to remedy the deficiencies. (Doc. No. 4.) On November 2, 2014, Petitioner filed a motion to formally abandon his unexhausted claims. (Doc. No. 6.)[1] Two claims remain on the petition: (1) the trial court infringed Petitioner's federal constitutional rights by denying his motion under Batson v. Kentucky, 476 U.S. 79 (1986) and People v. Wheeler, 22 Cal. 3d 258 (1978) after the prosecutor used three out of four peremptory

---

[1] In this motion, Petitioner also requested appointment of counsel. (Doc. No. 3.) In the Ninth Circuit, "state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that the appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner or if the petitioner has such limited education that he is incapable of presenting his claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970). Here, there is no indication that appointment of counsel is required to prevent a due process violation, as the issues are not too complex and Petitioner is capable of presenting them. (See Lodg. No. 2, Rep's Tr. vol. 5 at 10 (the California Court of Appeal found that Petitioner was literate and intelligent)). The Court adopts the magistrate judge's recommendation and denies Petitioner's request for appointment of counsel.

challenges to remove female prospective jurors, and (2) the trial court abused its discretion by denying his motion to dismiss strike prior convictions in violation of the Fourteenth Amendment. (Doc. No. 1 at 25-32.)

## II. Statement of Facts

The Court takes the following facts from the California Court of Appeal's opinion:

> On September 26, 2009, Spells and his girlfriend (Brenda Howard) got into an argument. Spells hit Howard and began throwing things at her, including an ashtray, a trash can, and a coffee table. Howard fled the apartment and called 911. Spells's cousin (Tyea Whitson) was passing by when Howard fled. Whitson looked inside the apartment window and saw a small fire burning on the bed. Whitson heard Spells yelling "'I'm going to kill you all,'" and heard him throwing things and the sound of glass breaking. Whitson screamed "'fire'" and alerted others to leave the complex.
> Meanwhile, the police had arrived at the complex in response to Howard's domestic violence call. Spells was breaking windows in the apartment. The police ordered him out of the apartment, and, before he came out, they noticed smoke coming from the apartment windows. Spells eventually came out of the apartment and was arrested. The fire department arrived and put out the fire.
> Spells was charged with arson. The jury convicted him of the lesser included offense of unlawfully causing a fire of an inhabited structure. ([Cal.] Pen. Code, § 452, subd. (b).) Based on his prior strike convictions, he was sentenced to 25 years to life, plus a one-year term for a prior prison term enhancement.

(Lodg. No. 6 at 2.) See 28 U.S.C. § 2254(e)(1).

## Discussion

### I. Standard of Review

28 U.S.C. § 2254(a) provides for federal review of state habeas corpus claims "only on the ground that [a person] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## II.  Analysis

### A. Trial Court's Denial of Batson/Wheeler Motion

Petitioner claims the trial court infringed his federal constitutional rights to due process, equal protection, and trial by jury by denying his Batson/Wheeler motion after the prosecutor used three out of four peremptory challenges to remove female prospective jurors. (Doc. No. 1 at 2-13, 26-28.) During peremptory challenges, the prosecutor excused three female and one male prospective jurors. (Lodg. No. 6 at 4.) The first female prospective juror was a lawyer who had worked for the Immigration and Naturalization Service ("INS") for five years, and she informed the court that her duties entailed reviewing rap sheets and conviction paperwork related to removal proceedings. (Id. at 4-5.) The prosecutor excused her because she believed lawyers with backgrounds in criminal law did not make good jurors. (Id.) The prosecutor determined that the prospective juror's criminal work experience would be similar to the criminal topics discussed at trial. (Id.)

The second female prospective juror had worked as a fifth grade teacher for five years. (Id. at 5.) The prosecutor excused her because she believed the juror did not have the life experiences that would allow her to make the decisions required of her in the case. (Id.) The prosecutor determined that the juror did not have the ability to make such difficult judgment calls and had little experience with group decision-making. (Id.) The third female prospective juror was a homemaker who had previously worked for a phone company. (Id.) The prosecutor excused her because she believed the juror had little experience supervising others or making group decisions and difficult judgment calls. (Id.)

On habeas review, the Court looks through a state supreme court's summary opinion to the reasoned opinion of the state appellate court below as the basis for its

analysis. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). The California Court of Appeal concluded that the record supported the trial court's finding of no purposeful discrimination. (Lodg. No. 6 at 9.) The court determined that the "prosecutor was not providing sham excuses for excusing the three females to cover up a discriminatory purpose." (Id. at 5.) The court explained that the excusal of the three female prospective jurors was consistent with the prosecutor's desire to have jurors who were experienced in making judgment calls and participating in group decisions. (Id. at 6.)

Under the Equal Protection Clause, a litigant may not exercise a peremptory challenge to remove a potential juror solely on the basis of the juror's race, ethnic origin, or gender. See, e.g., Batson, 476 U.S. at 85 (race); Hernandez v. New York, 500 U.S. 352 (1991) (ethnic origin); J.E.B. Alabama ex rel. T.B., 511 U.S. 127 (1994) (gender). Courts employ a three-step process to determine whether the use of a peremptory challenge infringes Batson or its progeny. First, a defendant must make a prima facie showing that the challenge was based on an impermissible basis, such as race or gender. Second, if the defendant makes that showing, the prosecution must provide a permissible basis for striking the juror in question. Third, if the prosecutor offers such an explanation, the trial court must decide whether the defendant has proved that the prosecutor's motive for the strike was purposeful discrimination. Snyder v. Louisiana, 552 U.S. 472, 476-77 (2008); Green v. LeMarque, 532 F.3d 1028, 1029-30 (9th Cir. 2008). Here, Petitioner alleges the challenges were made based on gender alone. (Doc. No. 1 at 25-28.) The prosecutor listed permissible gender-neutral reasons for excusing the three female prospective jurors. The state trial court determined that the prosecutor's reasons for striking the three prospective female jurors were legitimate. (Lodg. No. 3.) On appeal, the California Court of Appeal reviewed the trial court's ruling for substantial evidence. (Lodg. No. 6 at 4-5.) See People v. Lenix, 44 Cal. 4th 602, 613-14 (2008). The appellate court determined that the record supported the trial court's finding of no purposeful discrimination. (Id. at 9.) The Court concludes that it was not objectively unreasonable for the California Court of

Appeal to affirm the trial court's acceptance of the prosecutor's gender-neutral explanation for striking the three female prospective jurors.

Petitioner further alleges that the prosecutor failed to engage in any meaningful voir dire of the three stricken jurors. (Doc. No. 1 at 25.) The state trial court concluded, and the appellate court affirmed, that the prosecutor's failure to further question the three stricken jurors does not demonstrate that her reason for excusing them was based on gender. (Lodg. No. 6 at 8-9.) The state courts determined that the prosecutor had the benefit of the answers provided during the court's and defense counsel's voir dire, which preceded hers. (Id.) As a result, the prosecutor's failure to question the three prospective jurors does not compel a finding of a gender-based motive for excusing them.

**B. Motion to Dismiss Strike Prior Convictions**

Petitioner claims the trial court abused its discretion by denying his motion to dismiss strike prior convictions, brought pursuant to People v. Superior Court (Romero), 13 Cal. 4th 497 (1996). (Doc. No. 1 at 29-32.) On habeas review, the Court looks through a state supreme court's summary opinion to the reasoned analysis of the state appellate court below as the basis for its analysis. Ylst, 501 U.S. at 801-06. Here, the state trial court determined, and the California Court of Appeal confirmed that Petitioner had incurred "four strike prior convictions, consisting of a robbery conviction in 1986; two convictions of aggravated assault with personal use of a deadly weapon in March 1990; and aggravated assault on an officer with personal infliction of great bodily injury in October 1990." (Lodg. No. 6 at 9.) The state court determined that Petitioner's criminal history was not outside the three strikes law and refused to dismiss his strike prior convictions. (Id.)

A trial court may dismiss a prior strike conviction if, in light of the nature and circumstances of the current and prior felony convictions and the particulars of the defendant's background, character, and prospects, the defendant is deemed outside the spirit of the three strikes law in whole or in part. People v. Carmony, 33 Cal. 4th 367,

377 (2004); see also Ewing v. California, 538 U.S. 11, 25-26 (2003); People v. Strong, 87 Cal. App. 4th 328, 337 (2001).  Here, the state trial court determined that Petitioner was not outside the spirit of the three strikes law.  (Lodg. No. 6 at 13.)  The court concluded that Petitioner's continuous criminal career and history of convictions placed him "well within what the voters intended when they adopted Three Strikes." (Id. at 12.)  The California Court of Appeal reviewed the trial court's decision and agreed that Petitioner did not fall outside the three strikes law.  (Lodg. No. 6 at 13.) See Carmony, 33 Cal. 4th at 376.  Additionally, it concluded that the trial court properly considered all relevant factors before coming to this decision.  (Id. at 14.)

Under California state law, a trial court has discretion to dismiss a prior strike allegation in the furtherance of justice.  See Cal. Penal Code §1385(a); Romero, 13 Cal. 4th at 529-30.  Generally, matters relating to a state court's interpretation of state law do not implicate federal constitutional issues.  See Wainwright v. Goode, 464 U.S. 78, 84 (1983); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Moreover, "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984).  Petitioner's claim concerns the interpretation and application of California law, a matter which does not implicate federal constitutional concerns.  The Court defers to and is bound by a state court's interpretation of its own laws.  Petitioner has provided no authority to indicate that this case falls outside that general rule.  Petitioner thus fails to present a cognizable federal claim.  See 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 68.  Accordingly, the Court must dismiss the claim.

///
///
///
///
///
///

## Conclusion

For the foregoing reasons, the Court adopts the magistrate judge's report and recommendation and denies the petition for habeas corpus. Additionally, the Court declines to issue a certificate of appealability as Petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: July 28, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT